UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HENRY CULLINS,

    Plaintiff,

vs.

OFFICER PAGE, *et al.*,

    Defendants.

Case No. 1:12-cv-102

Spiegel, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

This action is currently before the Court on defendants Officer Page and Officer Newsome's (defendants) motion for summary judgment (Doc. 9), plaintiff's response in opposition (Doc. 15) and supporting affidavits (Doc. 16), and defendants' reply. (Doc. 17).

**I. Background**

Plaintiff Henry Cullins, a pro se prisoner, filed this case *in forma pauperis* on February 13, 2012, pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Plaintiff is currently a prisoner at Lebanon Correctional Institution (LeCI). Plaintiff alleges that on June 25, 2011, while he was on his way to his job at LeCI, Officer Page conducted a stop and frisk search of plaintiff for which Officer Newsome was present. (Doc. 4 at 6). Plaintiff further alleges that following the search, defendants proceeded to slam plaintiff to the ground and beat and hit him. *Id.* Plaintiff claims defendants continued to beat him despite being instructed by their supervisor to stop. *Id.* As a result of the alleged beating, plaintiff claims he received physical injuries to the eye which required stitches. *Id.* Further, plaintiff alleges that he was retaliated against for complaining about defendants' actions by being placed in isolation for eleven days. *Id.* at 6-7. Plaintiff asserts that defendants' conduct constitutes cruel and unusual punishment in violation of his Eighth Amendment constitutional rights. *Id.* at 8.

## II. Motion for Summary Judgment (Doc. 9)

Defendants move for summary judgment asserting that plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit and, consequently, plaintiff's suit should be dismissed pursuant to the Prison Litigation Reform Act (PLRA), 42 U.SC. § 1997e(a). (Doc. 9). In support, defendants have submitted the affidavit of Linda Coval, the Deputy Chief Inspector for the Ohio Department of Rehabilitation and Correction (ODRC). (Doc. 9, Ex. 1, Declaration of Linda Coval).

In response, plaintiff concedes that he did not exhaust his administrative remedies but asserts that this failure was no fault of his own but, rather, the result of defendants' and unspecified prison officials' refusal to allow plaintiff to do so. (Doc. 15 at 2). Plaintiff asserts that defendants prohibited him from exhausting his administrative remedies through the issuance of verbal threats. *Id.* In support, plaintiff has submitted his affidavit and affidavits from other inmates averring that he was prevented from filing a grievance regarding defendants' alleged unconstitutional conduct and that LeCI officials have a pattern and practice of not responding to or processing inmate grievances. (Doc. 15 at 6-7, Doc. 16).

In reply, defendants argue that plaintiff has failed to submit credible evidence contradicting their supported claim that he failed to exhaust his administrative remedies and, consequently, summary judgment is appropriate. Further, defendants assert that plaintiff's evidence is contradicted by the allegations contained in his complaint that he was able to utilize the grievance procedure at LeCI to report defendants' alleged misconduct. (Doc. 17 at 1, citing Doc. 4 at 3-4, Plaintiff's Complaint) (plaintiff alleges that he used LeCI's grievance procedure and spoke to supervisory officials about defendants' actions "to no avail."). Defendants also submitted the affidavit of LeCI's Institutional Inspector, Daniel Hudson, to rebut plaintiff's

2

affidavit evidence that he and the other inmate witnesses are unable to file administrative grievances at LeCI. (Doc. 17, Ex. 1, Affidavit of Daniel Hudson).

For the following reasons, the undersigned finds that defendants' motion for summary judgment should be granted.

A. Summary Judgment Standard

Fed. R. Civ. P. 56 allows summary judgment to secure a just and efficient determination of an action. The court may only grant summary judgment as a matter of law when the moving party has identified, as its basis for the motion, an absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

The party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253 (1968)). The evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970)). However, a district court need not view the facts in the light most favorable to the nonmoving party if that party's version of events is "blatantly contradicted by the record, so that no reasonable jury could believe it." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

When a defendant has identified the shortfall in a plaintiff's case, the plaintiff must come forward with evidence establishing a material issue of fact for resolution by the fact-finder. *Anderson*, 477 U.S. at 252. The Court is not obligated to "comb through the record to ascertain whether a genuine issue of material fact exists." *Cacevic v. City of Hazel Park*, 226 F.3d 483,

3

492 (6th Cir. 2000) (citing *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407, 410 (6th Cir. 1992)).

The court is not to weigh the evidence and determine the truth of the matter but is to decide whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Id.* (citing *Cities Serv.*, 391 U.S. at 288-289). If the evidence is merely colorable, *Dombrowski v. Eastland*, 387 U.S. 82, 84 (1967), or is not significantly probative, *Cities Serv.*, 391 U.S. at 290, judgment may be granted. *Anderson*, 477 U.S. at 249.

B. Resolution

Exhaustion of administrative remedies "is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). "[A] prisoner confined in any jail, prison, or other correctional facility" is barred from filing a lawsuit alleging constitutional violations under 42 U.S.C. § 1983 "or any other Federal law . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532.

The PLRA exhaustion requirement means prisoners must carry out "proper exhaustion" of a grievance. *Woodford*, 548 U.S. at 90. To properly exhaust a claim, prisoners must "tak[e] advantage of each step the prison holds out for resolving the claim internally and by following the 'critical procedural rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the first instance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (quoting *Woodford*, 548 U.S. at 90). "Proper

4

exhaustion [further] demands compliance with an agency's deadlines . . . ." *Woodford*, 548 U.S. at 90. Proper exhaustion serves the necessary interest of providing "fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *LaFountain v. Martin*, 334 F. App'x 738, 740 (6th Cir. 2009) (citing *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006), *cert. denied*, 549 U.S. 1245 (2007)).

The procedure established for resolving inmate complaints in Ohio, codified in Ohio Admin. Code § 5120-9-31, involves a three-step process. First, the inmate is required to file an informal complaint with the direct supervisor of the staff member within fourteen days of the event giving rise to the complaint. Ohio Admin. Code § 5120-9-31(K)(1). Second, if the inmate is unsatisfied with the response to his informal complaint he may file a formal grievance with the inspector of institutional services at his institution of confinement. Ohio Admin. Code § 5120-9-31(K)(2). The inspector of institutional services is required to provide a written response to the inmate's grievance within fourteen calendar days of receipt of the grievance. *Id.* If the inmate is dissatisfied with the response, he may undertake the third step of the grievance process and file an appeal to the office of the chief inspector within fourteen days of the disposition of the formal grievance. Ohio Admin. Code § 5120-9-31(K)(3). "All inmates in the custody of ODRC are given both written and oral instructions on how to use the inmate grievance procedure including instructions on appeals to the Office of the Chief Inspector and direct grievance to that office as required by Ohio Admin. Code § 5120-9-31(C)." (Doc. 9, Ex. 1, ¶ 7). *See also* Doc. 17, Ex. 1, ¶ 7 (same).

Ms. Coval attests that plaintiff failed to fully exhaust the grievance process. (Doc. 9, Ex. 1, ¶ 8). Specifically, her declaration states that plaintiff did not file a grievance regarding the

5

alleged June 25, 2011 incident and, further, that plaintiff has not utilized the grievance process since April 2010. *Id.*

Plaintiff has not submitted any evidence disputing defendants' evidence showing he failed to exhaust his administrative remedies by failing to follow the three-step procedure laid out by § 5120-9-31(K). Rather, plaintiff has submitted his own affidavit as evidence that he was prevented "from filing a grievance in this case due to defendant/prison officials retaliatory treatment." (Doc. 15 at 6, ¶ 2, Declaration of Henry Cullins). Plaintiff has also submitted affidavits from other LeCI prisoners who attest that they have been "deter[red]" from "the full use of the prison grievance system;" they have "personal knowledge that other prisoners have been deter/retaliated (sic) against for engaging in, protected constitutional conduct;" and they "have personal knowledge that [LeCI officials] often do not response/process (sic) Informal Resolution Complaints, submitted by [themselves] and other prisoners" including plaintiff, Henry Cullins. (Doc. 16 at 4, ¶¶ 2-3, Affidavit of Michael Williams; *id.* at 6, ¶¶ 2-3, Affidavit of Edward Williams; *id.* at 8, ¶¶ 2-3, Affidavit of A.D. Armstrong; *id.* at 10, ¶¶ 2-3, Affidavit of Sam Donham, Jr.).

Defendants have submitted the affidavit of Mr. Hudson as rebuttal evidence. Like Ms. Coval, Mr. Hudson attests that plaintiff never submitted an Informal Complaint Resolution or a grievance regarding the alleged incident occurring on June 25, 2011, and plaintiff has not utilized the grievance process since April 2010. (Doc. 17, Ex. 1, ¶ 8). Mr. Hudson further attests that plaintiff used the grievance system 19 times between 2007 and 2010; that inmate Michael Williams used the grievance system twice in 2011; that inmate Edward Williams has used the grievance system twice since 2009; that inmate Armstrong used the grievance system 33 times since 2007, with the last time being June 6, 2012; and that inmate Dunham has used the

6

grievance system seven times since 2010, most recently on October 12, 2011. *Id.* at ¶¶ 9-13.

Given the evidence before the Court, the undersigned finds that plaintiff's complaint should be dismissed for failure to exhaust his administrative remedies. Plaintiff has never affirmatively attested that he exhausted his administrative remedies and has otherwise failed to rebut defendants' evidence demonstrating that plaintiff did not utilize the available grievance procedures to address the alleged June 25, 2011 incident. Notably, pursuant to the allegations in plaintiff's complaint, it appears he did not pursue his administrative remedies beyond making an informal complaint to LeCI supervisors. *See* Doc. 4 at 3-4. It is undisputed that plaintiff did not file a grievance in accordance with Step 2 of the prison grievance procedure to thereby exhaust his administrative remedies.

However, plaintiff has submitted affidavit evidence that defendants purportedly prevented him from pursuing his administrative remedies by taking adverse actions against him. The Second Circuit has held that where an inmate is precluded from exhausting his administrative remedies by virtue of a defendant's behavior, the exhaustion requirement of the PLRA is inapplicable. *See Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004). *See also Perry v. Green*, No. 08-12740, 2009 WL 814447, at *12-14 (E.D. Mich. Mar. 26, 2009) (adopting Report and Recommendation that prison employees were estopped from raising the affirmative defense of failure to exhaust where their own behavior prevented prisoner from exhausting his administrative remedies). While the undersigned acknolwedges there are instances where allegations similar to plaintiff's may support the denial of a summary judgment motion, such as in *Hemphill* and *Perry*, this is not one of them. In both *Hemphill* and *Perry*, the prisoners submitted specific factual allegations about the types of conduct that prevented them from using or completing the respective grievance processes. *See Hemphill*, 380 F.3d at 683-84

7

(prisoner's verified complaint included detailed accounting of prison employees' use of force and verbal threats, including names and dates, that prisoner would be assaulted if he continued to pursue a complaint); *Perry*, 2009 WL 814447, at *6-12 (prisoner provided evidence detailing factual accounts of his complaints and a detailed affidavit outlining the dates of particular incidents and identifying the names of prison employees involved in the incidents he claimed prevented him from completing the grievance process). Here, on the other hand, plaintiff has provided no specific information about who, when, where, or how he was prevented from pursuing the prison grievance procedure. Plaintiff's general assertion that he was prevented from exhausting his administrative remedies, without more, is insufficient to justify the denial of the instant motion.

The Court further finds that the statements of the non-party inmates are inadmissible under Federal Rule of Civil Procedure 56. Under the Federal Rules, affidavits submitted in response to a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). The declarations made by the non-party affiants are not based on their personal knowledge and are, consequently, inadmissible. The non-parties attest that they have personal knowledge that LeCI has failed to process plaintiff's grievance claims. Yet, there is no factual basis from which the undersigned can conclude that these individuals have first-hand knowledge of the internal grievance process and its inner-workings at LeCI to know whether plaintiff's grievance was processed.[1] Accordingly, these statements are not admissible and may not be considered by the Court in

---

[1] The Court notes that plaintiff does not assert that he filed a grievance which defendants or other LeCI officials failed to process. The Court also notes that the typewritten affidavits of plaintiff's "witnesses" are identical,

8

evaluating the instant motion for summary judgment.

Given the above undisputed evidence, the Court finds there is no dispute of fact that plaintiff has failed to exhaust his administrative remedies and defendants are entitled to judgment as a matter of law.

## III. Conclusion

For the above-stated reasons, the Court hereby **RECOMMENDS** that:

1. Defendants' motion for summary judgment (Doc. 9) be **GRANTED**;

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997); and

3. This case be **DISMISSED** on the docket of the Court.

Date: 1/18/13

Karen L. Litkovitz
United States Magistrate Judge

---

with the exception of a space for inserting the witness's years of incarceration.

9

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| HENRY CULLINS, | Case No. 1:12-cv-102 |
| Plaintiff, | Spiegel, J. |
| | Litkovitz, M.J. |
| vs. | |
| OFFICER PAGE, *et al.*, | **REPORT AND** |
| | **RECOMMENDATION** |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☒ Agent ☐ Addressee |
| | B. Received by (Printed Name) \| C. Date of Delivery |
| 1. Article Addressed to:<br><br>Henry Cullins # A535646<br>Lebanon Corr. Inst.<br>PO Box 56<br>Lebanon, OH 45036 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number (Transfer from service label) | 7011 3500 0001 5345 5079 |

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540